United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-2777 |
| TEXAS DEP'T OF CRIMINAL JUSTICE, et al., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER TO TRANSFER**

Plaintiff, a former Texas Department of Criminal Justice ("TDCJ") inmate represented by counsel, filed this lawsuit under 42 U.S.C. § 1983 and the Texas Tort Claims Act for violations of his Eighth Amendment rights and state law negligence.

Having considered the complaint and the applicable law, the Court orders this case **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division, for the reasons explained below.

## I. BACKGROUND AND CLAIMS

Plaintiff claims that, on October 14, 2019, while confined in TDCJ and working at the Powledge Unit metal fabrication plant, he was injured by a dangerous, poorly designed and poorly maintained auger machine. He names TDCJ as defendant for his state law negligence claims, and names TDCJ employees Bobby Lumpkin, Warden James Bowman, Officer Ricky

Minton, and Officer FNU Cousins in their individual capacities as defendants for his Eighth Amendment claims.

According to plaintiff, TDCJ failed to maintain the auger and subjected him to a known and unreasonable danger. Bowman, Minton, and Cousins, who were plaintiff's work supervisors at the Powledge Unit plant, subjected him to a known dangerous condition of confinement and were deliberately indifferent to an unreasonable risk of serious injury. Lumpkin, who was director of TDCJ's Manufacturing, Agribusiness and Logistic Division at the time of the incident, failed to adopt a policy to mitigate the extreme danger presented by the auger machine and was deliberately indifferent to the unreasonable risk of serious injury. Plaintiff seeks compensatory and punitive damages.

## II. ANALYSIS

A. <u>Venue</u>

Venue for purposes of section 1983 is governed by 28 U.S.C. § 1391(b). Under section 1391(b), venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Sections 1391(c) and (d) address residency for venue purposes for jural entities and corporations.

Plaintiff pleads venue in his complaint as follows: "Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), as TDCJ's headquarters where Lumpkin implemented

and then failed to correct the policy at issue is located in this division and district. Moreover, TDCJ itself is also located in this division and district." (Docket Entry No. 1, ¶ 8.) Thus, venue in this Court is proper, based on TDCJ's corporate residency in Huntsville, Texas.

B.   Transfer

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"

According to plaintiff's complaint, the auger machine was designed, fabricated, utilized, and maintained at the Powledge Unit. Plaintiff was confined and employed at the Powledge Unit, and was ultimately injured by the auger machine at that location. Moreover, Bowman, Minton, and Cousins were plaintiff's work supervisors, and their alleged failures to supervise plaintiff and to repair, monitor, and maintain the auger or provide safety features occurred at the Powledge Unit, as did their deliberate indifference to plaintiff's safety. Minton specifically directed the design and construction of the auger machine by TDCJ inmates in order to cut costs, and ordered that appropriate safeguards and integral safety components be omitted. The alleged unconstitutional conditions of confinement occurred at the Powledge Unit, and substantially all of TDCJ's acts of negligence and breaches of duty to plaintiff occurred at the Powledge Unit. Safety reports and complaints regarding the machine were filed with or routed to Minton, Bowman, and Cousins at the Powledge Unit, who then failed to take corrective action.

The Powledge Unit is located in Anderson County, which is within the jurisdiction of the United States District Court for the Eastern District of Texas, Tyler Division. Plaintiff's allegations show that this lawsuit might also have been brought in that district and division, as a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the subject property is located, within the Eastern District of Texas, Tyler Division. 28 U.S.C. § 1391(b)(2).

In determining whether to transfer an action, courts consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotations and citations omitted). In deciding whether to transfer a case under section 1404(a), district courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 766–67 (5th Cir. 2016). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with

the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* at 767.

The Court has considered these factors under section 1404(a) and finds that on balance they weigh in favor of the transfer. Thus, in the interest of justice and for the convenience of the parties and witnesses, this case will be transferred to the Eastern District of Texas, Tyler Division. 28 U.S.C. §§ 1391(b), 1404(a).

### III. CONCLUSION

This case is **ORDERED TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division. 28 U.S.C. §§ 1391(b), 1404(a).

Signed at Houston, Texas, on this the 2nd day of September, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE